UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                            :
PAUL HARRIS,                                                :
                                                            :
                        Petitioner,    :  **MEMORANDUM DECISION AND**
                                                            :  **ORDER**
     -against-                                             :
                                                            :  25-cv-446 (BMC)
THE UNITED STATES OF AMERICA,                               :  20-cr-239 (BMC)
                                                            :
                        Respondent.    :
                                                            :
------------------------------------------------------------ X

**COGAN**, District Judge.

      Petitioner Paul Harris has moved under 28 U.S.C. § 2255 to vacate his sentence. In his supporting memorandum and affidavit, he provides three reasons why, in his view, his appointed counsel Thomas Nooter provided constitutionally insufficient representation: (1) Nooter failed to object to the weight of the drugs that the government alleged Harris possessed, (2) Nooter failed to object to or appeal the issue of Harris's *mens rea*, and (3) Nooter ignored Harris's request to file a direct appeal. Based on the parties' submissions, the Court denies the motion.

      Section 2255 allows a court to "vacate, set aside or correct [a] sentence" that was imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief is available only when the claimed error constitutes a fundamental defect which inherently results in a complete miscarriage of justice and presents exceptional circumstances when the need for the remedy afforded by the writ of habeas corpus is apparent." Nnebe v. United States, 534 F.3d 87, 90 (2d Cir. 2008) (cleaned up). Although "[o]ur precedent disapproves of summary dismissal of [§ 2255] petitions where factual issues exist[,] . . . it permits a 'middle road' of deciding disputed facts on the basis of written submissions." Raysor

v. United States, 647 F.3d 491, 494 (2d Cir. 2011) (quoting Pham v. United States, 317 F.3d 178, 184 (2d Cir. 2003)).  The Court can rely on the "detailed affidavit" of the petitioner and determine that live testimony "would add little or nothing to the written submissions." Id. at 494.  Because the affidavits here convince me that Harris's claim is not "plausible," id., I see no reason to hold a hearing.

First, Nooter's choice to not contest the drug weights meets "'an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984).  The sentencing guidelines are clear that "[t]he 'weight of a controlled substance set forth in the [Drug Quantity Table] refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance" and that a synthetic cannabinoid "sprayed on or soaked into a plant or other base material," is "a mixture." U.S.S.G. §2D1.1(c) n.(A), cmt. n.27(E)(i).  Constrained by this straightforward language, counsel opted to rely on the drug weight as grounds for a downward variance, which the Court ultimately granted.  And Harris identifies no other basis for arguing that the weight to which he stipulated in the plea agreement was inaccurate.

I also cannot conclude that Harris conditioned his plea on Nooter contesting the drug weights.  A court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." Lee v. United States, 582 U.S. 357, 368 (2017).   It "should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id.  At the change-of-plea hearing here, the magistrate judge discussed the terms of the plea agreement, which included the drug-weight stipulation, and Harris represented that he knew and understood them.  In fact, the parties even discussed a different sentencing carve-out, and Harris never asked why the agreement didn't carve out the drug weight too.

2

Second and for similar reasons, I cannot credit Harris's allegation that Nooter promised to "challenge" *mens rea* – *i.e.*, that Harris "knowingly" distributed the drugs – and preserve the issue for appeal. All contemporaneous evidence contradicts Harris' contention. At the plea hearing, Harris confirmed that he knew each element of the crimes to which he was pleading guilty – including that he "knew in fact" that the "drugs to Rikers Island" were "controlled substances." I also find it implausible that an experienced defense attorney like Nooter would represent to his client that *mens rea* could be "objected to" or "appealed from" after the defendant pled guilty and agreed to waive his appellate rights.

Third, I cannot conclude that Harris requested to file a notice of appeal. Nooter has provided a "detailed affidavit . . . credibly describing the circumstances" which belies Harris's claim. Raysor, 647 F.3d at 494. He asserts that Harris did not ask him to file a notice of appeal, and all contemporaneous evidence supports this account. Most obviously, the plea agreement contained an appeal waiver, and Harris does not identify a particular time or date on which he requested to appeal.

Harris's motion is accordingly denied. For the same reasons, he has failed to make "a substantial showing of the denial of a constitutional right," and a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court further certifies in accordance with 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and thus denies *in forma pauperis* status for the purpose of appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       May 8, 2025

3